**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CALVIN L. FULBRIGHT,

                                      CASE NO. 03-CV-70845

           Petitioner,

                                      PAUL D. BORMAN
-vs-                                  UNITED STATES DISTRICT JUDGE

LINDA METRISH,

           Respondent.
_____/

**OPINION AND ORDER**
**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS; (2) DENYING MOTIONS FOR DISCOVERY AND TO APPOINT COUNSEL; (3) DENYING A CERTIFICATE OF APPEALABILITY; AND (4) DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Calvin Fulbright ("Petitioner"), a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of assault with intent to commit murder, assault with intent to rob while armed, and two counts of possession of a firearm during the commission of a firearm following a jury trial in the Oakland County Circuit Court in 1996. He was sentenced as a third habitual offender to concurrent terms of 25-50 years imprisonment on the assault convictions and to concurrent terms of two years imprisonment on the felony firearm convictions to be served consecutively to the other sentences.

In his pleadings, Petitioner raises claims concerning the pre-trial identification procedures, the admission of his police statement, the sufficiency of the evidence, the propriety of his sentence, the conduct of the prosecutor, and the effectiveness of appellate counsel. For the reasons stated below, the Court DENIES the petition for writ of habeas corpus, DENIES Petitioner's outstanding motions for discovery and appointment of counsel, DECLINES to issue

a certificate of appealability, and DENIES the request for leave to proceed on appeal *in forma pauperis*.

I.     **BACKGROUND**

Petitioner's convictions arise from an assault upon Charles and Jeffery Fitch in Oakland County, Michigan on April 4, 1996. The Michigan Court of Appeals set forth the relevant facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), as follows:

> Complainants Charles and Jeffery Fitch were walking toward Charles Fitch's house on the evening of April 4, 1996, when a man approached them with a gun, pointed it at Charles Fitch, and fired twice. The man then pointed the gun at Jeffery Fitch's head and took his car keys. Charles Fitch got into the house and called 911. He described the assailant as wearing a rolled up black stocking cap and a white and red shirt with the word "Fila" on the front. The police apprehended defendant a short time later behind a restaurant approximately two-tenths of a mile from Charles Fitch's house. Defendant was wearing a Fila shirt. Police found a black stocking cap, Jeffery Fitch's keys, and a gun nearby. Testing revealed that a bullet and spent shell casing found at Charles Fitch's house were fired from that gun.

*People v. Fulbright*, No. 200291, 1998 WL 1988782, *1 (Mich. Ct. App. Nov. 17, 1998) (unpublished).

Following his convictions and sentence, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising claims concerning the pre-trial identification procedures, the admission of his police statements, and the sufficiency of the evidence. The Michigan Court of Appeals affirmed his convictions. *Id*. at *2. The Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Fulbright*, 460 Mich. 864 (1999).

Petitioner then filed his first federal habeas petition asserting the same claims raised in the state courts on direct appeal of his convictions. On August 7, 2000, the Court dismissed that petition without prejudice on Petitioner's own motion.

On November 14, 2000, Petitioner filed a motion for relief from judgment in the state

trial court raising claims challenging his sentence and the effectiveness of appellate counsel. The trial court denied the motion on January 8, 2001. Petitioner filed an application for leave to appeal with the Michigan Court of Appeals which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Fulbright*, No. 238259 (Mich. Ct. App. April 26, 2002) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Fulbright*, 467 Mich. 911 (2002).

On February 25, 2003, Petitioner filed his second petition for writ of habeas corpus with this Court raising claims concerning: (1) the pre-trial identification procedures; (2) the admission of his police statement; (3) the sufficiency of the evidence; (4) the propriety of his sentence; and (5) the effectiveness of appellate counsel. Respondent filed an answer to the petition asserting that it should be denied because the claims are not cognizable and/or lack merit. While the case was pending, Petitioner moved to hold the case in abeyance so that he could return to the state courts to pursue claims of prosecutorial misconduct and ineffective assistance of appellate counsel. On October 7, 2003, the Court granted Petitioner's motion, held the petition in abeyance, and administratively closed the case. (Doc. No. 27).

Petitioner then returned to the state trial court and filed a second motion for relief from judgment asserting claims of prosecutorial misconduct (a *Brady* violation) and ineffective assistance of appellate counsel. The trial court denied the motion. Petitioner filed an application for leave to appeal with the Michigan Court of Appeals which was denied for "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Fulbright*, No. 257258 (Mich. Ct. App. Dec. 16, 2004) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Fulbright*,

3

474 Mich. 896 (2005).

Petitioner thereafter moved to reopen this case to proceed on an amended petition, which incorporates his newest claims that the prosecutor withheld evidence and that appellate counsel was ineffective. On August 1, 2006, the Court granted Petitioner's motion and re-opened the case. (Doc. No. 34). Respondent has filed a supplement answer to the amended petition contending that the claims are barred by procedural default and/or lack merit. Petitioner has filed a reply to that response, as well as a motion for discovery and appointment of counsel..

## II. ANALYSIS

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S.

12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (emphasis in original); *see Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

5

### B. Tainted Identification Claim

Petitioner first claims that he is entitled to habeas relief because Charles Fitch's in-court identification of him as the perpetrator of the crime at trial was tainted by a pre-trial identification procedure. Specifically, Petitioner asserts that the police brought Charles Fitch in to make an identification when Petitioner was the only one in the holding cell.

A conviction based on identification testimony following a pre-trial identification violates due process when the pre-trial identification procedure is so "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968). An in-court identification by a witness to whom the accused was exhibited before trial in an unduly suggestive manner must be excluded unless it can be established that the identification has an independent origin untainted by the suggestive pre-trial identification procedures. *See Wade v. United States*, 388 U.S. 218, 241 (1967).

A two-step analysis applies to decisions concerning the admissibility of identification evidence. First, a court must determine whether the identification procedure was impermissibly suggestive. Second, if the court finds that the identification procedure was impermissibly suggestive, the court must determine whether, under the totality of the circumstance, the testimony was nevertheless reliable. *See United States v. Hill*, 967 F.2d 226, 230 (6th Cir. 1992); *see also Howard v. Bouchard*, 405 F.3d 459, 469 (6th Cir. 2005). Reliability "is the linchpin in determining the admissibility of identification testimony." *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977); *see Neil v. Biggers*, 409 U.S. 188, 198-99 (1972) (listing five factors that should be considered when evaluating reliability); *Carter v. Bell*, 218 F.3d 581, 605 (6th Cir. 2000).

The Michigan Court of Appeals denied relief on this claim finding that any error with

respect to Charles Fitch's identification of Petitioner as the assailant was harmless beyond a reasonable doubt given the other evidence of Petitioner's guilt presented at trial. *See Fulbright*, 1998 WL 1988782, at *1.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see Fry v. Pliler*, 127 S. Ct. 2321, 2328 (2007) (holding that *Brecht* harmless error standard applies on habeas review whether or not the state appellate court recognized the error and reviewed it for harmlessness under the "harmless beyond a reasonable doubt" standard set forth in *Chapman v. California*); *O'Neal v. McAninch*, 513 U.S. 432, 445 (1995) (stating that habeas court should grant a petition if it has "grave doubt" about whether trial error had substantial and injurious effect or influence upon jury's verdict). Identification errors, like other trial errors, are subject to harmless error analysis. *See Wade*, 388 U.S. at 242; *Solomon v. Curtis*, 21 Fed. Appx. 360, 363 (6th Cir. Cir. Oct. 2, 2001) (unpublished).

Having reviewed the record, this Court concludes that any error in admitting Charles Fitch's identification was harmless under *Brecht* given the significant evidence of Petitioner's guilt presented at trial. As noted by the Michigan Court of Appeals, Petitioner was found hiding behind a restaurant near the scene of the robbery wearing clothes matching the description given by the victims. A black stocking cap, Jeffery Fitch's car keys, and a gun were found nearby. That gun was matched to a bullet and shell casing found at the crime scene. Petitioner also gave a fake name when questioned by police. Such evidence, even without

Charles Fitch's identification, was sufficient to support Petitioner's convictions and to render any error harmless under the appropriate constitutional standard. *See Williams v. Stewart*, 441 F.3d 1030, 1039 (9th Cir. 2006) (strong circumstantial evidence linking petitioner to crime scene rendered admission of pre-trial identification harmless); *Young v. Sherry*, No. 05-71480, 2006 WL 3386609 (E.D. Mich. Nov. 21, 2006) (unpublished) (any identification error was harmless where petitioner was caught near the crime scene soon after the robbery in a car resembling that seen fleeing the robbery with a mask and clothes matching the assailant).

Thus, habeas relief is not warranted on this claim.

### C. Involuntary Statement Claim

Petitioner next asserts that he is entitled to habeas relief because the trial court erred in admitting his statements to police and/or failing to conduct an evidentiary hearing on his claim that his statements were involuntary.

The Fifth Amendment privilege against compulsory self-incrimination bars the admission of involuntary confessions. *Colorado v. Connelly*, 479 U.S. 157, 163-64 (1986). A confession is considered involuntary if: (1) the police extorted the confession by means of coercive activity; (2) the coercion in question was sufficient to overbear the will of the accused; and (3) the will of the accused was in fact overborne "because of the coercive police activity in question." *McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir. 1988).

The voluntariness of a confession is a mixed question of law and fact. *Thompson v. Keohane*, 516 U.S. 99, 108-11 (1995). In determining whether a confession is voluntary, the ultimate question is "whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution." *Miller v. Fenton*, 474 U.S. 104, 112 (1985). Those circumstances include:

1. Police Coercion (a "crucial element")
2. Length of Interrogation
3. Location of Interrogation
4. Continuity of Interrogation
5. Suspect's Maturity
6. Suspect's Education
7. Suspect's Physical Condition & Mental Health
8. Whether Suspect Was Advised of Miranda Rights

*Withrow v. Williams*, 507 U.S. 680, 693-94 (1993). All of the factors involved in the giving of the statement should be closely scrutinized. *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). Without coercive police activity, however, a confession should not be deemed involuntary. *Connelly,* 479 U.S. at 167 ("coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause"). Coercion may be psychological, as well as physical. *See Arizona v. Fulminante*, 499 U.S. 279, 285-89 (1991); *Ledbetter v. Edwards*, 35 F.3d 1062, 1067 (6th Cir. 1994). Police trickery alone, however, will not invalidate an otherwise voluntary statement. *See Frazier v. Cupp*, 394 U.S. 731, 737-39 (1969) (holding that the interrogator's misrepresentation that co-suspect had already confessed did not render suspect's confession coerced); *Ledbetter*, 35 F.3d at 1067-68 (ruling that a police officer's false statements that police had matched defendant's fingerprints to prints in victim's van and that two witnesses had identified defendant did not make confession involuntary). The burden of proving that a confession was obtained involuntarily rests with the petitioner. *Boles v. Foltz*, 816 F.2d 1132, 1136 (6th Cir. 1987). Voluntariness need only be established by a preponderance of the evidence. *Id.*

The Michigan Court of Appeals denied relief on this claim finding that the trial court did not abuse its discretion in denying Petitioner's request for an evidentiary hearing on the first day of trial. The Michigan Court of Appeals also concluded that the record showed that Petitioner's statements (which denied his culpability and were not "confessions") were

9

voluntary, were made to the police after Petitioner was advised of his *Miranda* rights, and were not the product of police misconduct. *See Fulbright*, 1998 WL 1988782 at *1.

This Court finds that the Michigan Court of Appeals' determination is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. The record indicates that Petitioner made statements to police denying his involvement in the crime at the time he was apprehended and after being advised of his constitutional rights. Petitioner has failed to allege any facts indicative of police coercion or to otherwise demonstrate that his statements were involuntary. Conclusory allegations without evidentiary support do not provide a basis for habeas relief, nor do they provide a basis for an evidentiary hearing in federal court. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (holding that conclusory allegations of ineffective assistance of counsel do not warrant habeas relief).

Thus, habeas relief is not warranted on this claim.

### D. Insufficient Evidence Claim

Petitioner next asserts that he is entitled to habeas relief because the prosecution failed to present sufficient evidence to support his assault with intent to murder conviction.

In *Jackson v. Virginia*, 443 U.S. 307 (1979), the Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. Pursuant to 28 U.S.C. § 2254(d)(1), this Court must determine whether the state court's application of the *Jackson* standard was reasonable. In making this determination, the Court must presume that the state court's factual findings are correct, unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Warren*, 161 F.3d at 360-61.

Under Michigan law, a conviction for assault with intent to murder requires proof beyond a reasonable doubt that the defendant committed: "(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v. Hoffman*, 225 Mich. App 103, 111 (1997); *see* Mich. Comp. Laws § 750.83. Circumstantial evidence and reasonable inferences drawn therefrom may be sufficient to prove the elements of the crime, including a defendant's intent or state of mind. *See People v. Jolly*, 442 Mich. 458, 466 (1993); *People v. Dumas*, 454 Mich. 390, 398 (1997).

Applying the *Jackson* standard, the Michigan Court of Appeals found that the prosecution presented sufficient evidence to support Petitioner's assault with intent to murder conviction based upon his use of a loaded weapon, his firing of the weapon at Charles Fitch, and the fact that one of the bullets hit the house door at chest level. *See Fulbright*, 1998 WL 1988782, at *2. Having reviewed the record, this Court finds that the Michigan Court of Appeals' determination in this regard is neither contrary to *Jackson* nor an unreasonable application of federal law or the facts. Petitioner's gun use during the crime demonstrates his intent and provides ample evidence to support his assault with intent to murder conviction. Petitioner has presented no evidence to rebut the state court's factual findings nor has he demonstrated that the state court's conclusion that the facts establish his guilt beyond a reasonable doubt is unreasonable.

Petitioner's insufficient evidence claim attacks the inferences that the jury drew from the testimony and evidence presented at trial. Such determinations, however, are not matters for federal habeas review. "A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and

must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983). It is the job of the jury, not a federal habeas court, to resolve evidentiary conflicts. *See Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002).

Additionally, to the extent that Petitioner challenges the state court's construction or application of state law, he is not entitled to habeas relief. "A claim that the state court misunderstood the substantive requirements of state law does not present a claim under § 2254. A federal court may not issue the writ on the basis of a perceived error of state law." *See Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Given the evidence at trial, this Court finds that the Michigan Court of Appeals' determination that a rational trier of fact could find the essential elements of assault with intent to murder beyond a reasonable doubt was reasonable.

Habeas relief is not warranted on this claim.

### E. Sentencing Claims

Petitioner also asserts that he is entitled to habeas relief because the trial court erred in scoring the offense variables and guidelines, relied upon inaccurate information, and imposed a disproportionate sentence. Respondent contends that these claims are not cognizable upon habeas review and lack merit.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). To the extent that Petitioner asserts that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief. *See Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)).

12

There is also no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Furthermore, it is well-established that federal habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner's challenge to the scoring of the offense variables is not cognizable on federal habeas review because it is basically a state law claim. *See Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). State courts are the final arbiters of state law, and the federal courts will not intervene in such matters. *See Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

Accordingly, habeas relief is not warranted on Petitioner's state law sentencing issues.

A sentence may violate due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (holding that a criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984).

Petitioner has made no such showing. The record reveals that the trial court considered the facts and circumstances of the crime, the pre-sentence report, and other permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the reports, the scoring of the offense variables and guidelines, and other sentencing factors. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing sentence.

13

Thus, habeas relief is not warranted on this claim.

Lastly, the Court notes that Petitioner is not entitled to relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *Thomas*, 49 F.3d at 261.

Petitioner was sentenced as a fourth habitual offender to concurrent terms of 25 to 50 years imprisonment on the assault convictions to be served consecutively to concurrent terms of two years imprisonment on the felony firearm convictions. Those sentences were within the statutory maximums. *See* Mich. Comp. Laws §§ 750.89, 750.83, 750.227b, 769.11. The trial court acted within its discretion in imposing Petitioner's sentence and there is no extreme disparity between his crimes and sentence so as to offend the Eighth Amendment.

Thus, habeas relief is not warranted on Petitioner's sentencing claims.

### F.  Prosecutorial Misconduct Claim

Petitioner also asserts that he is entitled to habeas relief because the prosecution engaged in misconduct by withholding a report which indicated that an atomic absorption test for gun powder residue was conducted on his hands but was not processed by the lab at the prosecutor's

request.

"[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.

Even if the Court were to find that the interests of judicial economy are best served by addressing the merits of this claim, Petitioner's *Brady* claim lacks merit.

A prosecutor's failure to disclose evidence favorable to the defense constitutes a denial of due process "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). In other words, to find a *Brady* violation, not only must the evidence be suppressed, but the suppressed evidence must be material and favorable to the accused. *See Elmore v. Foltz*, 768 F.2d 773, 777 (6th Cir. 1985). Favorable evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *United States v. Garner*, – F.3d –, 2007 WL 3274186, *5 (6th Cir. 2007). Material evidence is that which is "so clearly supportive of a claim of innocence that it gives the prosecution notice of a duty to produce." *United States v. Clark*, 988 F.2d 1459, 1467 (6th Cir. 1993).

Furthermore, the *Brady* rule only applies to "the discovery, after trial, of information which had been known to the prosecution but unknown to the defense." *United States v. Agurs*, 427 U.S. 97, 103 (1976); *see also Mullins v. United States*, 22 F.3d 1365, 1370-71 (6th Cir.

1994). There is no *Brady* violation if the defendant knew or should have known the essential facts permitting him to take advantage of the information in question, or if the information was available to him from another source. *See Carter*, 218 F.3d at 601-03; *Coe v. Bell*, 161 F.3d 320, 344 (6th Cir. 1998). Thus, in order to establish a *Brady* claim, a petitioner must show that: (1) evidence was suppressed by the prosecution in that it was not known to the petitioner and not available from another source; (2) the evidence was favorable or exculpatory; and (3) the evidence was material to the question of the petitioner's guilt. *See Carter*, 218 F.3d at 601; *see also Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). The petitioner bears the burden of establishing a *Brady* violation. *Carter*, 218 F.3d at 601.

In this case, Petitioner has failed to establish a *Brady* violation warranting habeas relief. First, Petitioner has not shown that the evidence was unknown to him and unavailable from another source. Petitioner knew that a gun powder residue test had been performed on his hands prior to trial given that the test was conducted while he was in police custody after his arrest. He thus knew of essential facts which could have permitted him to pursue the evidence prior to trial. Second, he has not shown that the disputed report, which merely states that an atomic absorption test was conducted but not processed at the prosecutor's request, constitutes favorable or exculpatory evidence. The analysis reference in the report was simply not done and no determination can be made about the results. Lastly, and for the same reason, Petitioner has not shown that the report was material to his guilt or innocence. Moreover, even if the analysis had been conducted and was negative, the prosecution could have reasonably argued that the results were irrelevant because the testing was done after Petitioner had fled the scene and after he had been fingerprinted. Given such circumstances, habeas relief is not warranted.

    **G.**    **Ineffective Assistance of Appellate Counsel Claim**

Lastly, Petitioner asserts that appellate counsel was ineffective for failing to raise his sentencing and prosecutorial misconduct claims on direct appeal of his convictions.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Id*. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* In *Lockhart v. Fretwell*, 506 U.S. 364 (1993), the Supreme Court observed that "an analysis focusing solely on outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable is defective." *Id.* at 369-70. The United States Court of Appeals for the Sixth Circuit has thus concluded that a reviewing court should focus on whether counsel's alleged errors "have

17

undermined the reliability of and confidence in the result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996). "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 1311-12 (quoting *Strickland*, 466 U.S. at 686).

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 754 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

Petitioner has failed to show that by omitting the claims presented in his subsequent motions for relief from judgment appellate counsel's performance fell outside the wide range of professionally competent assistance. Petitioner has not shown that appellate counsel's strategy in presenting certain claims and not raising other claims was deficient or unreasonable. Further, given the state trial court's determination and this Court's determination that the sentencing and prosecutorial misconduct claims lack merit, Petitioner cannot establish that counsel was ineffective under the standard set forth in *Strickland, supra*.

Habeas relief is not warranted on this claim.

### H. Certificate of Appealability

Having reviewed the record, this Court finds that the state courts' denial of relief in this

case is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner is therefore not entitled to federal habeas relief on the claims presented in his petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to each of his claims and has failed to show that reasonable jurists would debate whether the Court was correct in its procedural

ruling as to his defaulted claim. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. See Fed. R. App. P. 24(a).

## III. CONCLUSION

Accordingly, the Court hereby:

(1) **DENIES** the petition for writ of habeas corpus;

(2) **DENIES** Petitioner's motions for discovery and appointment of counsel (Doc. Nos. 41, 42);

(3) **DECLINES** to issue a certificate of appealability; and

(4) **DENIES** the request to proceed on appeal in forma pauperis.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 9, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 9, 2007.

s/Denise Goodine
Case Manager